No. 15,738.

GRAESER *v.* HAIGLER.
(185 P. [2d] 781)

Decided September 29, 1947.

Mr. GEORGE H. BLICKHAHN, for plaintiff in error.

Mr. GEORGE M. CORLETT, Mr. CHARLES R. CORLETT, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE STONE and MR. JUSTICE HAYS.

PER CURIAM.

ON or about May 1st, 1896, the district court of Rio Grande county entered a decree whereby there was de-

creed to Larick Ditch No. 5 in Water District No. 20, two cubic feet of water per second of time as of date May 1st, 1874, with priority No. 37, out of Rock Creek, a tributary of the Rio Grande river. Said decree fixed and located the point of diversion at a headgate located in the northwest quarter of the southwest quarter, section 28, township 38 north, range 7, E.N.M.P.M.

Graeser, a junior appropriator, brought this action against Haigler, the present owner of said ditch and water right, praying that a decree be entered declaring the above water right abandoned because of the fact that since the date of said appropriation no water has ever been diverted at the point specified in said decree. Defendant, in his answer, denied abandonment of said water right; admitted that no water had been diverted at the point designated in the decree; alleged that water had been diverted continuously since May 1st, 1874 through a headgate located in the southwest quarter of the southwest quarter of said section; that the above recital in said decree was an error, and prayed that the court enter a decree quieting his title in and to said ditch, and for an order restraining plaintiff from interfering with his "use and enjoyment of said water right."

The trial court after considering all the evidence and upon making a personal inspection of said premises at the request of the parties hereto, found in substance that the recital in the decree as to the point of diversion was the result of a mistake and error; that no point of diversion from Rock Creek or any creek, could possibly have ever been located in the northwest quarter of the southwest quarter of section 28, because it was a dry forty, with the south line located on a hillside considerably higher than Rock Creek and several hundred yards therefrom; that the headgate of Larick Ditch No. 5 never was located at any point in the northwest quarter of the southwest quarter of section 28, and that it was originally located on the south bank of Rock Creek in substantially its present location; that water has been

diverted seasonably at said point and was continually used for irrigation of the lands now owned by the defendant at all times since 1874, except for a short period not here material; that defendant's right is number one right out of Rock Creek, and that his headgate was used and maintained in its present location when plaintiff's rights were initiated by his predecessors in title; that plaintiff and his predecessors knew of, and recognized, the Larick No. 5 right and priority; that plaintiff had full knowledge of such rights when he purchased his present lands; and that the present headgate, which has at all times been used and maintained, is located on plaintiff's premises a few hundred yards from his dwelling. The court decided the issues in favor of defendant and against plaintiff; denied a decree of abandonment, and entered a decree quieting title in defendant and against plaintiff, to review which judgment plaintiff brings the cause here by writ of error. His principal specification of error is, "The court erred in finding that the defendant had a right to take and divert water from Rock Creek as he has heretofore done, or at any other point of diversion other than the lawful adjudicated point of diversion."

The principal question involved herein, as to whether the diverting of water through a headgate located at a point other than that designated in the decree, constitutes abandonment of the water right, has been settled in this jurisdiction. In *Corey v. Long,* 111 Colo. 146, 150, 138 P. (2d) 930, we said: "Defendants have a decreed priority to approximately one cubic foot of water per second of time, the validity of which is not in dispute, though the water is now taken at a different point of diversion from that described as the diversion point in the decree. The defendants, by changing the point of diversion, or by procuring a priority decree in which the point of diversion was erroneously described, did not thereby lose the right to the water which they had

theretofore appropriated and which they have continued to use."

Counsel for Graeser, the plaintiff, earnestly contends that the above decision is not in point, and, if held to be so, should be overruled, and he quotes the following portion of said opinion which he says correctly states the law, to wit: "The trial court properly held that a change in the point of diversion could be decreed only in a proceeding under the statute which is an exclusive remedy." (Citing many Colorado cases.)

· ▮ There is nothing in the opinion or in the above statement which is inconsistent with our decision herein. This case is merely a suit in equity to have water rights declared abandoned by reason of the alleged fact that the water used was not diverted at the point designated in the decree. The trial court did not attempt herein to change the point of diversion as it was without power to do so under our decisions. Two essential elements fixed in adjudication decrees are: the date of appropriation and the amount thereof. A third element, to wit, the point of diversion, is always subject to change so long as the same can be accomplished without injury to other appropriators; but, as stated above, the question of changing the point of diversion is not here involved, as the trial court expressly found.

We have examined the other specifications of points and have found them to be either repetitious or otherwise without merit.

Judgment affirmed.

In this case acknowledgment is made of the gratuitous and valuable service of the Honorable Harold H. Davies, district judge, as referee under our Rule of June 9, 1947.